E-FILED
Monday, 24 September, 2007 02:24:06 PM
Clerk, U.S. District Court, ILCD
FILED



IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

OCT 0 2 1995

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DELLWOOD FARMS, INC. and SUN DEW SALES CORP., on behalf of themselves and all others similarly situated, ) ) ) ) | Equitable Relief Sought |
| Plaintiffs, ) ) ) | 95-1387 |
| v. ) ) | Civil Action No. |
| CARGILL INC., A.E. STALEY MANUFACTURING CO., CPC INTERNATIONAL, INC., and ARCHER DANIELS MIDLAND CO., INC., ) ) ) ) ) | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. ) ) | |

Plaintiffs Dellwood Farms, Inc. and Sun Dew Sales Corp., on behalf of themselves and all others similarly situated, by their attorneys, bring this action for treble damages and injunctive relief under the antitrust laws of the United States against defendants Cargill Inc., A.E. Staley Manufacturing Co., CPC International, Inc. and Archer Daniels Midland Co., Inc., demanding a trial by jury and complaining and alleging as follows:

## JURISDICTION AND VENUE

1.  This complaint is filed and these proceedings are instituted under sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to obtain injunctive relief and to recover treble damages and the costs of suit, including reasonable attorneys' fees, against defendants for the injuries plaintiffs, and members of the class they represent, sustained by reason of violations by

the defendants and their co-conspirators of section 1 of the
Sherman Act, 15 U.S.C. § 1.

2.    Jurisdiction is conferred upon this court under 28
U.S.C. § 1327 and sections 4 and 16 of the Clayton Act, 15 U.S.C.
§§ 15 and 26.

3.    Defendants transact business, maintain offices or are
found within the State of Illinois.  The interstate commerce
described below is carried on, in part, within the Central
District of Illinois, and the conspiratorial acts herein alleged
were carried on, in part, in the Central District of Illinois.
Venue is laid in this district pursuant to the provisions of 15
U.S.C. § 22 and 28 U.S.C. § 1391.

### TRADE AND COMMERCE

4.    In this complaint, the term "corn syrup" is used to
describe high fructose corn syrup, a sweetener derived from corn
which is used in a variety of foods.

5.    During all or part of the period in issue, defendants
and their co-conspirators were the major manufacturers, sellers
and distributors of corn syrup throughout the United States.

6.    During the period in issue, the defendants and their
co-conspirators sold and shipped substantial quantities of corn
syrup in a continuous and uninterrupted flow in interstate
commerce to customers located in states other than the state in
which the defendants produced such products.

7.    The business activities of the defendants and their co-
conspirators which are the subject of this complaint were within

2

the flow of, and substantially affected, interstate trade and commerce.

**PARTIES**

## Plaintiffs

8.   Plaintiff Dellwood Farms, Inc. ("Dellwood") is a New York corporation with its principal place of business in Yonkers, New York primarily engaged in the sale of milk and milk products. In the course of its business and during the period of time covered by this complaint, Dellwood has purchased corn syrup from defendant A.E. Staley Manufacturing Co. for use in its beverages and has been injured by reason of the antitrust violations alleged in this complaint.

9.   Plaintiff Sun Dew Sales Corp. ("Sun Dew"), a wholly-owned subsidiary of Dellwood, is a New York corporation with its principal place of business in Westbury, New York engaged in the sale of juice and drinks. In the course of its business and during the period of time covered by this complaint, Sun Dew has purchased corn syrup for use in its beverages from defendants Archer Daniels Midland Co., Inc. and A.E. Staley Manufacturing Co. and has been injured by reason of the antitrust violations alleged in this complaint.

## Defendants

10.   Defendant Cargill Inc. ("Cargill") is a Delaware corporation.   Cargill is a grain processor and producer of corn syrup with its principal place of business in Minnetonka,

3

Minnesota and with business operations in Bureau, Hancock, Livingston and McDonough counties in Illinois.  Throughout the time period covered by this complaint, Cargill engaged in the business of marketing and selling corn syrup throughout the United States.

11.  Defendant A.E. Staley Manufacturing Co. ("Staley"), a subsidiary of Tate & Lyle PLC, is a Delaware corporation.  Staley is a grain processor and producer of corn products including corn syrup with its principal place of business in Decatur, Illinois and with business operations in Knox and Macon counties in Illinois.  Throughout the time period covered by this complaint, Staley engaged in the business of marketing and selling corn syrup throughout the United States.

12.  Defendant CPC International, Inc. ("CPC") is a Delaware corporation.  CPC is a grain processor and producer of corn syrup with its principal place of business in Englewood Cliffs, New Jersey.  Throughout the time period covered by this complaint, CPC engaged in the business of marketing and selling corn syrup throughout the United States.

13.  Defendant Archer Daniels Midland Co., Inc. ("ADM") is a Delaware corporation.  ADM is a grain processor and producer of corn products including corn syrup with its principal place of business in Decatur, Illinois.  ADM or its subsidiaries have business operations in Peoria, Bureau, Knox, Livingston, Marshall and McDonough counties in Illinois.  During the time period

4

covered by this complaint, ADM engaged in the business of marketing and selling corn syrup throughout the United States.

14.   The acts charged in this complaint to have been done by each of the defendants were authorized, ordered or done by their officers, agents, employees, or representatives while actively engaged in the management of each of the defendant's affairs.

CO-CONSPIRATORS

15.   Various other persons, firms and corporations, the identities of which are presently unknown, have participated as co-conspirators with the defendants in the violations alleged in this complaint and have performed acts and made statements in furtherance of those violations.

CLASS ACTION ALLEGATIONS

16.   Plaintiffs bring this action under Rule 23, and particularly subsection (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all purchasers (excluding governmental entities, defendants, subsidiaries and affiliates of defendants, and other producers of corn syrup and their subsidiaries and affiliates) in the United States of corn syrup directly from any defendant or any subsidiary or affiliate of each defendant at any time during the period of July 1, 1991 to and including the date of filing of this complaint.  The number of potential class members is so numerous that joinder is impracticable.

17.   Plaintiffs, as representative of the class, will fairly and adequately protect the interests of the class members and

5

have engaged counsel experienced and competent in litigation of this type. The interests of plaintiffs are coincident with, and not antagonistic to, those of the class members.

18. Plaintiffs' claims are typical of those to be asserted by the class. Except as to the amount of damages sustained by each member of the class, all other questions of law and fact are common to the class, including, but not limited to, the combination and conspiracy alleged in this complaint, the violation of section 1 of the Sherman Act and the effects of such violation.

19. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the class. Class action treatment is a superior method for the fair and efficient adjudication of the controversy, in that, among other things, there is no interest by members of the class in individually controlling the prosecution of separate actions, and it is desirable to concentrate the litigation of the claims in a single proceeding to provide small claimants with a forum in which to seek redress for this antitrust violation. Whatever difficulties may exist in the management of the class action will be greatly outweighed by the class action procedure, including but not limited to providing claimants with a method for redress of claims which may otherwise warrant individual litigation.

6

## BACKGROUND

20.  The media has reported that a federal grand jury sitting has begun hearing evidence of alleged price collusion on corn products by ADM, Staley and other producers.

21.  On June 27, 1995, FBI agents armed with subpoenas and a search warrant visited ADM's headquarters and some ADM employees' homes.

22.  It has been reported in the press that about three years ago Mark E. Whitacre, the president of ADM's BioProducts division, went to federal authorities to inform them that executives of ADM were colluding with others on prices; that he has taped meetings of ADM employees and those of other companies using a briefcase containing a hidden recording device; and that he has tipped authorities regarding other meetings where prices of ADM corn products were discussed.  The FBI is reported to have secret audio and video tapes of hundreds of conversations and meetings of ADM and other agribusiness employees in local hotel rooms in the United States and abroad.

## VIOLATIONS ALLEGED

23.  Beginning at least as early as July 1, 1991 and continuing thereafter to the present, the exact dates being unknown to plaintiffs, defendants and their co-conspirators entered into and engaged in a combination and conspiracy in unreasonable restraint of trade and commerce in violation of Section 1 of the Sherman Act.

7

24.    This combination and conspiracy has consisted of a
continuing agreement, understanding and concert of action among
the defendants and their co-conspirators, the substantial terms
of which have been:

(a)    to fix, raise, maintain and stabilize the price of
corn syrup; and

(b)    to allocate among themselves their major customers
or accounts for the purposes of selling corn syrup.

25.    For the purpose of formulating and effectuating this
combination and conspiracy, defendants and their co-conspirators,
among others, did the following:

(a)    discussed and agreed on general price increases
for corn syrup;

(b)    approved and issued general price increases for
corn syrup, to reflect their pricing arrangements; and

(c)    monitored and enforced adherence to the prices for
corn syrup to which they agreed.

26.    This combination and conspiracy was made and refined
through meetings and telephone conversations among
representatives of the defendants and their co-conspirators.

27.    Each defendant has participated in one or more overt
act in furtherance of the conspiracy alleged in this complaint
and has participated in conspiratorial activities and attended
conspiratorial meetings.

8

## EFFECTS

28.   The combination and conspiracy alleged in this complaint has had the following effects, among others:

(a)   price competition in the sale of corn syrup among the defendants and their co-conspirators has been restrained, suppressed and eliminated throughout the United States;

(b)   prices for corn syrup sold by the defendants and their co-conspirators have been raised, fixed, maintained and stabilized at artificially high and non-competitive levels throughout the United States; and

(c)   purchasers of corn syrup from the defendants and their co-conspirators have been deprived of the benefit of free and open competition.

### FRAUDULENT CONCEALMENT

29.   Until shortly before the filing of this complaint, Dellwood, Sun Dew and members of the class had no knowledge that defendants and their co-conspirators were violating the antitrust laws as alleged.  Dellwood and Sun Dew and the members of the class could not have discovered any of the violations at any time prior to this date by the exercise of due diligence because of fraudulent and active concealment of the conspiracy by defendants and their co-conspirators.

30.   The affirmative actions of defendants and their co-conspirators were wrongfully concealed and carried out in a manner which precluded detection.  Plaintiffs had no knowledge of the antitrust violations alleged in this complaint nor any facts

9

1387-MMM  # 1  Page 10 of 12

that might have led to their discovery, until they were reported in the press during the summer of 1995. Dellwood and Sun Dew could not have uncovered the violations alleged at an earlier date as the means for discovering their claims against the defendants were not reasonably ascertainable due to the fraudulent concealment of the defendants' activities through various means and methods designed to avoid detection. Among the methods utilized by defendants and their co-conspirators were secretly to conduct activities in furtherance of the conspiracy and to attempt to confine information concerning the conspiracy to key officials of the involved companies.

31. Because of the fraudulent concealment of the conspiracy, plaintiffs assert the tolling of any applicable statute of limitations affecting the rights of action by plaintiffs and the members of the class.

## DAMAGES

32. During the period of the antitrust violations by defendants and their co-conspirators, Dellwood, Sun Dew and each member of the class they represent purchased corn syrup, and, by reason of the antitrust violations alleged in this complaint, paid more for such products than they would have paid in the absence of such antitrust violations. As a result, Dellwood, Sun Dew and each member of the class they represent have been injured and damaged in an amount presently undetermined.

10

## **PRAYER FOR RELIEF**

WHEREFORE, Dellwood Foods, Inc. and Sun Dew Sales Corp. demand that:

A.    the court determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

B.    the alleged combination and conspiracy among the defendants and their co-conspirators be adjudged and decreed to be an unreasonable restraint of trade in violation of Section 1 of the Sherman Act;

C.    judgment be entered against defendants, jointly and severally, and in favor of Dellwood, Sun Dew and each member of the class they represent for three times the damages determined to have been sustained by them, together with the costs of suit, including reasonable attorneys' fees;

D.    each of the defendants, their successors, assignees, subsidiaries and transferees, and their respective officers, directors, agents and employees, and all other persons acting or claiming to act on behalf of them or in concert with them, be perpetually enjoined and restrained from in any manner, directly or indirectly, continuing, maintaining or renewing any combination, conspiracy, agreement, understanding or concert of action or adopting or following any practice, plan, program or design having a similar purpose or effect in restraining competition; and

11

E.    the court grant such other and further relief as may appear necessary and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted

By: _____
One of the Plaintiffs' Attorneys

Nile J. Williamson
LAW OFFICES OF NILE J. WILLIAMSON
411 Hamilton Blvd.
Suite 1926
Peoria, Illinois  61602-1104
(309) 677-5950

Robert N. Kaplan                    (Lead Counsel)
Gregory K. Arenson
Charles J. Moxley, Jr.
KAPLAN, KILSHEIMER & FOX LLP
26th Floor
685 Third Avenue
New York, NY 10017
(212) 687-1980

Michael J. Freed
Michael B. Hyman
Steven A. Kanner
Carol V. Gilden
MUCH SHELIST FREED DENENBERG
  AMENT BELL & RUBENSTEIN, P.C.
200 N. LaSalle Street
Suite 2100
Chicago, Illinois 60601-1095
(312) 346-3100

12